NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LUIS GARCIA, | : | |
| | : | Civil No. 21-5200(RMB-AMD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| JEFFREY ROBINSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

BUMB, District Judge:

Plaintiff Luis Garcia, an inmate confined at Northern State Prison in Newark, New Jersey, seeks to bring this civil action in forma pauperis under 28 U.S.C. § 1915. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons below, the Court determines that dismissal of the entire Complaint is not warranted at this time.

I. DISCUSSION

    A.   <u>Complaint</u>

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. This case arises from an alleged unprovoked attack on Plaintiff at Northern State Prison. (ECF No. 1, at 2.) Plaintiff names Officer Jeffrey Robinson and "John Does 1 to 3" as Defendants in this matter. (<u>Id.</u>)

On or about January 6, 2021, Defendant Robinson attacked Plaintiff without cause or provocation. (<u>Id.</u>) Defendant Robison slammed Plaintiff with a steel door, causing him to fall onto his back. (<u>Id.</u>) The attack injured Plaintiff's back, arm, and hand. (<u>Id.</u>) John Does 1 to 3 did not intervene and protect Plaintiff. (<u>Id.</u>)

Later that day, officials escorted Plaintiff to the Medical Department at Bayside State Prison in Leesburg, New Jersey. (<u>Id.</u>) An unidentified nurse treated Plaintiff, but the nurse provided inadequate treatment and failed to record all of Plaintiff's injuries. (<u>Id.</u>)

Plaintiff filed the instant Complaint on February 26, 2021.[1] The Complaint seeks compensatory and punitive damages against the

---

[1] The "prisoner mailbox rule" provides that courts should deem an inmate's pleadings as filed at the moment he delivers the documents to prison officials to be mailed, and not the date the clerk files the documents in court. <u>Houston v. Lack</u>, 487 U.S. 266, 275-76

Defendants in their individual and official capacities.  (Id. at 1, 3.)

B.    Standard for Sua Sponte Dismissal

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).

"[A] court must accept as true all of the allegations contained in a complaint."  Id.  A court need not accept legal conclusions as true.  Id. Legal conclusions, together with

_____

(1988).  The rule applies to Section 1983 complaints. White v. Pa. State Police, 408 F. App'x 521, 522 (3d Cir. 2003).  When applying the rule, district courts use the date the prisoner signed the documents as the presumed delivery date in cases, whereas here, there is no clear record of delivery to prison officials. See Howard v. Masteron, No. 06-5632, 2009 WL 5184476, at *1 n.2 (E.D. Pa. Dec. 22, 2009).

threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Iqbal, 556 U.S. at 678. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a plaintiff can remedy a complaint by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

C.    Persons Amenable to Suit Under Section 1983

As an initial matter, Plaintiff brings claims against Defendant Robinson in his official and individual capacity. (ECF No. 1, at 1.) As explained below, the Court will dismiss Plaintiff's claims against Defendant Robinson in his official capacity because, in such a capacity, he is not a "person" subject to liability within the meaning of Section 1983.

Section 1983 imposes liability on "[e]very person who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under

4

Section 1983, therefore, a defendant must be a "person."  See id.

The Supreme Court has held that "neither a State nor its officials

acting in their official capacities are 'persons' under § 1983."

Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Accordingly, a cause of action under Section 1983 "cannot be

asserted against the state, its agencies, or its officials acting

in their official capacities."  Landi v. Borough of Seaside Park,

No. 07-5319, 2009 WL 606141, at *6 (D.N.J. Mar. 9, 2009).

As an officer at Northern State Prison, Defendant Robinson is

a state official.  In his official capacity, therefore, Defendant

Robinson is not a "person" within the meaning of Section 1983.

See Will, 491 U.S. at 71.  Accordingly, the Court will dismiss

Plaintiff's claims against Defendant Robinson in his official

capacity with prejudice.  As explained below, Plaintiff may proceed

with his excessive force claim against Defendant Robinson in his

individual capacity.

D.    Section 1983 Claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

(ECF No. 1, at 1.)  To state a claim for relief under § 1983, a

plaintiff must allege, first, the violation of a right under the

Constitution or laws of the United States and, second, that the

person acting under color of state law committed or caused the

alleged deprivation.  West v. Atkins, 487 U.S. 42, 48 (1988);

Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

The Court liberally construes the Complaint as setting forth Eighth Amendment excessive force, failure to protect, and inadequate medical care claims.

### 1. Excessive force claim

The Court has screened Plaintiff's excessive force claim against Defendant Robinson. As Plaintiff has adequately pleaded facts alleging that Defendant Robinson applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline, see Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000), the Court concludes that the claim may proceed at this time.

### 2. Failure to protect claim

Plaintiff also alleges that the unidentified "Doe" Defendants failed to intervene and protect him from Defendant Robinson. (ECF No. 1, at 2.) Although it is not clear from the Complaint, the Court assumes at the outset that the unidentified "Doe" Defendants are prison officials. For the reasons below, the Court will dismiss without prejudice Plaintiff's failure to protect claim.

In addition to proscribing a prison official's use of excessive force on an inmate, the Eighth Amendment also requires prison officials to protect an inmate from another officer's use of excessive force. Matthews v. Villella, 381 F. App'x 137, 140 (3d Cir. 2010). To state a failure to protect claim, an inmate must allege that: (1) there was a substantial risk of serious harm

to him; (2) the official was deliberately indifferent to that substantial risk to his health and safety; and (3) the official's deliberate indifference caused him harm.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  Moreover, the officer must have had "a realistic and reasonable opportunity to intervene."  Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002).

Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in criminal law."  See Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000).  To be deliberately indifferent, the prison official must know of and disregard an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer, 511 U.S. at 836-37.  A plaintiff, therefore, must allege and plead enough factual matter to allow the court to reasonably infer that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk.  See id.; Iqbal, 556 U.S. at 678.

In this case, Plaintiff fails to state a failure to protect claim against the unidentified "Doe" Defendants.  Plaintiff fails to allege or plead facts for the Court to infer that these Defendants had the requisite state of mind, i.e., that the Defendants subjectively knew of and disregarded a substantial risk

of serious harm to Plaintiff. (See ECF No. 1, at 2.) Moreover, Plaintiff fails to allege or plead sufficient facts for the Court to infer that the Defendants had a realistic and reasonable opportunity to intervene. (See id.) For example, the Complaint does not indicate where the Defendants were when the attack occurred. (See id.) Accordingly, Plaintiff fails to state a claim for relief, and the Court will dismiss Plaintiff's failure to protect claims without prejudice.

### 3. Inadequate medical care claim

Finally, the Court construes the Complaint as raising an inadequate medical care claim against the unidentified nurse at Bayside State Prison. The Court will dismiss Plaintiff's inadequate medical care claim for the reasons below.

The Eighth Amendment proscribes more than just physically barbarous punishments. Estell v. Gamble, 429 U.S. 97, 102 (1976). It also proscribes unnecessary and wanton infliction of pain. Id. at 102–03. Deliberate indifference to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain." Id. at 104.

To state an inadequate medical care claim, an inmate must allege facts showing (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring

8

treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A court may also infer the seriousness of the inmate's medical need by reference to the effect of denying a particular treatment. Id. A condition is serious if denial of a particular treatment would cause death, degeneration, or extreme pain. See id.

Deliberate indifference in the inadequate medical care context requires the same showing as it does for a failure to protect claim. A plaintiff must allege and plead enough factual matter to allow the court to reasonably infer that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk. See Farmer, 511 U.S. at 836–37; Iqbal, 556 U.S. at 678.

Plaintiff fails to state an Eighth Amendment inadequate medical care claim against the unidentified nurse at Bayside State Prison because he fails to allege that his medical needs were serious. Plaintiff merely alleges that Defendant Robinson's attack resulted in injuries to Plaintiff's back/spine, arm and, hand and that the unidentified nurse provided minor medical attention. (ECF No. 1, at 2.) Plaintiff does not allege, for example, that a physician examined his injuries and determined that treatment was necessary or that the injuries were objectively obvious to a layperson as requiring a doctor's attention. (See

id.)  Nor does he allege that the effect of denying medical care for his injuries would result in death, degeneration, or extreme pain.  (See id.)

Moreover, Plaintiff fails to allege that the unidentified nurse had the requisite state of mind, i.e., that she subjectively knew of a serious risk of substantial harm to Plaintiff's health or safety and that she disregarded that risk.  (See id.) Accordingly, the Court will dismiss Plaintiff's claim for inadequate medical care.

III. CONCLUSION

For the reasons set forth herein, the Court will dismiss with prejudice Plaintiff's excessive force claim against Defendant Robinson in his official capacity.  Plaintiff may proceed with his excessive force claim against Defendant Robinson in his individual capacity at this time.  The Court will further dismiss without prejudice Plaintiff's remaining claims for failure to state a claim to relief.  An appropriate order follows.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: July 16, 2021