[ECF No. 27]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUIS GARCIA,<br><br>     Plaintiff,<br><br>  v.<br><br>JEFFERY ROBINSON,<br><br>     Defendant. | Civil No. 21-5200 (RMB/EAP) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *pro se* Plaintiff Luis Garcia's Motion for *Pro Bono* Counsel, ECF No. 27 ("Pl.'s Motion"). Defendant Officer Jeffery Robinson does not oppose the Motion. *See* Dkt. Sheet. The Court has considered Plaintiff's submission and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is **GRANTED**.

**BACKGROUND**

At the time Plaintiff Luis Garcia filed this action on March 15, 2021, he was incarcerated in Northern State Prison in Newark, New Jersey. *See* ECF No. 1 ("Pl.'s Compl.") at 2. Plaintiff, who is paraplegic, alleges that in January 2021, Defendant Robinson violated his Fourth Amendment rights by attacking him without cause or provocation, resulting in serious injuries. *Id.* Plaintiff initially brought claims against additional unnamed defendants for failure to protect and for failure to provide adequate medical care. *See id.* On July 16, 2021, the Court screened the Complaint under the applicable law and dismissed Plaintiff's claims except for those against Officer Robinson in his individual capacity. *See* ECF Nos. 4, 5.

On November 13, 2023, in response to an Order to Show Cause regarding service of process, Plaintiff wrote a letter informing the Court that in late 2022, he had been transferred to the Extended Care Unit of the South Woods State Prison in Bridgeton, New Jersey. *See* ECF No. 18 at 2. Since then, Plaintiff successfully served Defendant Robinson, *see* ECF No. 13, who filed an Answer to the Complaint on April 3, 2024, *see* ECF No. 29.

On March 11, 2024, Plaintiff filed the present motion seeking the appointment of *pro bono* counsel. *See* Pl.'s Motion. In support of his motion, Plaintiff informed the Court that he was recovering from a recent leg amputation. *Id.* at 3. Plaintiff further informed the Court that he was scheduled to be released from the Extended Care Unit at South Woods to a nursing home. *Id.* According to the New Jersey Department of Corrections offender search page, Plaintiff was paroled on March 25, 2024. On April 16, 2024, Plaintiff filed a Notice of Change of Address, listing his new address as Belle Care Nursing & Rehabilitation Center, 439 Bellevue Avenue, Trenton, New Jersey 08618. *See* ECF No. 35.

Plaintiff further argues that he is unfamiliar with the law and the rules of evidence and discovery. Pl.'s Motion at 4. Plaintiff also states that given his medical condition, he cannot conduct the factual investigation required to prosecute his case. Pl.'s Motion at 3-4. Plaintiff also asserts that he cannot afford counsel. *Id.* at 3. Lastly, Plaintiff argues that as a result of his release to the nursing facility, he no longer has access to legal resources, including the prison paralegal and law clerk, and the inmate law library. *Id.* at 3-4.

## DISCUSSION

Motions for the appointment of *pro bono* counsel are governed by 28 U.S.C. § 1915(e). That statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the Court should review the substance of the applicant's request for *pro bono* counsel using the following factors (hereinafter the "*Tabron/Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). None of the above factors is individually determinative, and the list is not exhaustive. *Id.* at 458. Rather, these factors articulate important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id.*

The fact that Plaintiff's Complaint and *in forma pauperis* petition were screened pursuant to 28 U.S.C. § 1915(e) and 1915A, and the Court permitted Plaintiff's excessive force claim against Defendant Robinson to proceed, is some indication that the claims have "some merit in fact and law." *See* ECF No. 4 (Opinion); ECF No. 6 (Order). Thus, for the purpose of this motion, the Court will assume Plaintiff has satisfied his threshold burden.[1] Therefore, the Court will proceed to evaluate Plaintiff's request for counsel using the *Tabron/Parham* factors as a guidepost.

---

[1] This assumption is for purposes of this motion only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

The first *Tabron/Parham* factor requires an evaluation of whether the litigant is capable of presenting his or her own case. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007). This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156. While the fact that a plaintiff can "file and respond to motions" does suggest that the plaintiff has "some legal knowledge and is literate," it does not "'conclusively establish that [a plaintiff is] able to present his own case.'" *Montgomery*, 294 F.3d at 501 (quoting *Parham*, 126 F.3d at 459). In cases where the plaintiff is incarcerated, "restraints placed upon him or her by confinement" should also be considered. *Tabron*, 6 F.3d at 156. The Third Circuit has characterized this factor as "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

Although Plaintiff argues that he cannot effectively present his case without counsel, he does not describe his education, prior work experience, prior litigation experience, or ability to read, write, and understand English in his motion. *See generally* Pl.'s Motion. However, Plaintiff's Complaint, motions, and other filings demonstrate his ability to adequately read, write, and understand English and to navigate the legal process. For example, Plaintiff has filed a successful *in forma pauperis* application and his claims against Defendant Robinson proceeded past *sua sponte* screening. The Court finds, however, that other restraints impede his ability to prosecute this case. Importantly, Plaintiff's transfer to a nursing home has ended his access to legal resources available at the correctional facility, including a paralegal, a law clerk, and the inmate law library. Plaintiff cannot access those resources in the nursing home, where he is "confined to a wheelchair and bedridden." Pl.'s Motion at 3. In full view of these circumstances, the first factor weighs in favor of the appointment of counsel.

The second factor concerns the complexity of the legal issues presented in the case. This factor should be analyzed in conjunction with a plaintiff's ability to present his own case. *Tabron*, 6 F.3d at 156. Courts should be more inclined to appoint counsel when the legal issues are complex. *Id.* at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981))). However, even if the legal issues are not complex, this factor can still weight in favor of a plaintiff if he/she is a *pro se* litigant and is unfamiliar with the necessary rules of evidence and discovery. *Parham*, 126 F.3d at 459 (3d Cir. 1997) ("When the ultimate issue may be comprehensible, courts must still look to the proof going toward the ultimate issue and the discovery issues involved."); *see also Lamas v. Gonzales*, No. 07-3351, 2007 WL 4166009, at *1 (D.N.J. Nov. 20, 2007) (finding that the second factor of the *Tabron/Parham* test is whether "the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs[.]").

Here, Plaintiff's case involves an alleged use of excessive force. Plaintiff does not contend that the legal issues presented in this case are complex. *See* Pl.'s Motion at 3. Although the Court finds that the legal issues here are not exceedingly complex, that finding is tempered by the dearth of legal resources available to Plaintiff and his lack of familiarity with the rules of discovery and evidence. *See id.* Further, Plaintiff is confined to his bed and a wheelchair in a nursing home. *See id.* Taken together, these considerations make it incredibly difficult for Plaintiff to effectively complete discovery and litigate without an attorney. Accordingly, the second *Tabron/Parham* factor weighs in favor of the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation. Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant

5

the appointment of counsel. *Tabron*, 6 F.3d at 156. Here, Plaintiff argues that his case requires a factual investigation that he cannot conduct himself. Pl.'s Motion at 4. While it does not appear that the investigation in this case will be extensive, the Court finds that Plaintiff's physical condition and placement in a nursing home will make it unduly difficult for him to conduct any factual investigation. For that reason, the Court finds that the third *Tabron/Parham* factor weighs in favor of appointment of counsel.

The fourth factor is the likelihood that the case will turn on credibility determinations. Plaintiff does not address this factor in his motion. Because most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor, a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 147. At this early juncture, the Court cannot predict whether trial will be "solely a swearing contest." Plaintiff does not state whether any witnesses will likely testify at trial, but it is possible that Defendant may present his own fact-witness testimony. Also, Plaintiff may support his claims using other forms of extrinsic evidence. Therefore, the Court finds the fourth *Tabron/Parham* factor to be neutral.

The fifth factor is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Tabron*, 6 F.3d at 156. However, the Third Circuit has clarified that the need for expert testimony does not warrant the appointment of counsel in every case. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). Plaintiff does not address this factor or refer to expert testimony in his motion, and given the nature of his excessive force claim, it is unclear at this time whether expert testimony will be needed. Accordingly, the Court finds that the fifth *Tabron/Parham* factor weighs against the appointment of counsel.

6

The final *Tabron*/*Parham* factor is whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. Because Plaintiff is proceeding *in forma pauperis*, the Court finds the sixth *Tabron*/*Parham* factor weighs in favor of the appointment of counsel. That factor alone, however, does not require the Court to appoint *pro bono* counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 411 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel. . . .").

### **CONCLUSION AND ORDER**

Because four of the six the *Tabron*/*Parham* factors weigh in favor of the appointment of counsel, one against, and one is neutral, the Court grants Plaintiff's motion. The most important factors are that it would be challenging for Plaintiff to pursue his own case because of his physical condition and placement in a nursing home; his lack of access to legal resources, which he will need due to his lack of familiarity with rules of discovery and evidence; his inability to conduct a factual investigation on his own; and that Plaintiff cannot afford counsel.

Accordingly, for all the foregoing reasons,

**IT IS** this **28th** day of **June 2024**,

**ORDERED** that Plaintiff's Motion for *Pro Bono* Counsel, ECF No. 27, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to select an attorney for appointment from the Court's civil *pro bono* panel, in accordance with procedures set forth in Appendix H, Local Rules for the United States District Court for the District of New Jersey; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded to Plaintiff's address via regular mail.

s/Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.